## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
)
PATRICK PANNETT             )
1336 G Street SE              )
Washington, D.C. 20003     )
                          )     JURY TRIAL DEMANDED
     Plaintiff,           )
                          )     Civil Action No.
       v.                )
                          )
WASHINGTON METROPOLITAN  )
AREA TRANSPORTATION AUTHORITY)
600 5th Street NW            )
Washington, DC 20001      )
                          )
     Defendant.         )
_____)

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Patrick Pannett, by his undersigned counsel, and complains of Defendant Washington Metropolitan Area Transit Authority ("WMATA") as follows:

## INTRODUCTION

In March 2017, Defendant hired Plaintiff as a Special Projects Officer. During the time period relevant to this complaint, his supervisor was Jill Mohel the Director of Marketing and Advertising. Beginning in September 2018, when Mohel took over as Director, she gave Plaintiff a noticeably and dramatically larger workload compared to his female counterpart. Despite the overwhelming workload, Plaintiff continued to perform his duties at a high level. Additionally, Plaintiff noticed that Mohel engaged in inappropriate behavior in the office.

In early 2019, he filed his first complaint against Mohel with Defendant's Human Resources office. Mohel's behavior did not improve and Plaintiff continued to feel uncomfortable in the workplace. In March 2019, Plaintiff filed his second complaint against Mohel. Again,

1

Mohel continued to overload Plaintiff with work; denied him training opportunities; and made disparaging remarks about his work performance. Plaintiff attempted to advise Mohel about her behavior and reach an amicable solution to the hostile work environment. Ultimately, in June 2019, Mohel terminated Plaintiff from his position because of his gender and in retaliation for complaining about harassment.

## PARTIES

1.     Plaintiff is an individual who resides at 1336 G Street SE Washington, D.C. 20003.

2.     Defendant, WMATA, is a regional transportation system created by an interstate compact between the District of Columbia, the State of Maryland, and the Commonwealth of Virginia.

3.     WMATA's principal office is located at 600 5th Street NW, Washington, DC 20001.

4.     During all times relevant to this complaint, Plaintiff was Defendant's employee within the meaning and entitled to the protections of Title VII.

5.     During all times relevant to this complaint, Defendant was an employer as that term is defined by Title VII.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this action pursuant to 42 U.S.C. § 12117, 42 U.S.C. § 2000e-5, 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

7.     This Court has personal jurisdiction over Defendant, which is located, conducts business, and employs individuals in this judicial district.

8.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the violations giving rise to Plaintiff's claims occurred within this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9.    On September 30, 2019, Plaintiff filed a charge of discrimination with the EEOC that was

      cross-filed with the D.C. Office of Human Rights.

10.   On or about February 14, 2020, Plaintiff received the EEOC's Notice of Right to Sue and

      this complaint has been timely filed within the 90-day time frame.

## STATEMENT OF FACTS

### *Background*

11.   Plaintiff is a male.

12.   On March 20, 2017, WMATA hired Plaintiff as a Special Projects Officer within the

      Customer Service Communications and Marketing Division.

13.   As a Special Projects Officer, Plaintiff was responsible for all tasks related to the promotion

      and advertising for WMATA's large-scale initiatives including its retail operations,

      customer WIFI, fare project launches, and internal branding campaigns.

14.   Plaintiff initially reported to Jawauna Greene (female), Director of Marketing and

      Advertising as well as Lynn Bowersox (female), Senior Vice President of Customer

      Service Communications and Marketing.

15.   Greene left WMATA in 2018 and in September 2018, Jill Mohel (female) took over as

      Director.

### *Disproportionate Assignment of Tasks Among Male and Female Employees and Creation of Hostile Work Environment*

16.   Once Mohel took over, she assigned Plaintiff far more tasks than she did his female

      counterpart, Valeria Coustasse.

17.   Specifically, Mohel assigned Plaintiff to handle all marketing for WMATA's July 2019

      fare increases and service changes.  Prior to Mohel's arrival, this assignment would have

been handled by several employees.  However, Mohel refused to split the responsibilities among her subordinates in the office.

18.     In addition to the fare increase marketing assignment, Mohel also tasked Plaintiff with overseeing a phased tourism campaign and WMATA's See Something Say Something initiative as part of a Federal grant.

19.     Mohel's behavior also made Plaintiff uncomfortable.  Specifically, she would often dress in revealing clothes while in the workplace.

20.     Despite the overwhelming workload, Plaintiff continued to successfully perform his work assignments.

*Protected Activity and Continued Harassment*

21.     In early 2019, Plaintiff filed a complaint with Melissa Bowers, Senior Employee Relations Officer, regarding Mohel's disparate treatment.

22.     Specifically, he explained that Mohel was treating him differently than the female employees and he also explained that Mohel's revealing clothes made him uncomfortable.

23.     Bowers stated that she would speak to Mohel about Plaintiff's concerns.

24.     After Plaintiff's complaint, Mohel's discriminatory treatment toward Plaintiff increased.

25.     She continued to set unrealistic performance goals and task Plaintiff with far more assignments compared to the female subordinate.

26.     In March 2019, Plaintiff filed another complaint with Bowers about Mohel's discriminatory actions.

27.     Bowers again stated that she would look into his concerns.

28.     Still, Mohel's discriminatory animus was present.

4

29.   She continued to give Plaintiff far more assignments than the similarly situated female employee.

30.   Throughout 2019, she regularly degraded Plaintiff's work performance in private and public arenas without justification.

31.   On April 8, 2019, Plaintiff met with Mohel to again discuss ways to improve their working relationship.  Mohel dismissed Plaintiff's concerns and refused to change her interactions with Plaintiff or equally distribute work amongst her staff.

*Denial of Training*

32.   On April 24, 2019, Mohel directed Gail Ribas, Senior Communications Advisor, to deny Plaintiff's request to attend a Project Management Professional training.

33.   Plaintiff's female counterpart was permitted to attend the training instead of Plaintiff.

*Performance Memo*

34.   On May 9, 2019, Mohel sent Plaintiff a memo regarding his performance that included false representations about his work and his attitude.

35.   On May 26, 2019, Plaintiff prepared a response to the memo and provided a copy to Bowers to be placed in his file.

36.   Bowers offered to speak with Bowersox about the hostile work environment.

37.   Bowers also confirmed that she had spoken with other employees within Plaintiff's department and those employees confirmed her impression that Mohel wanted to terminate Plaintiff, and assured Plaintiff that there would be robust proceedings prior to any termination.

*Meeting with Bowersox*

38.   On May 28, 2019, Plaintiff met with Bowersox to discuss his working relationship with Mohel and her discriminatory treatment. Plaintiff also requested an opportunity to be considered for other open roles within WMATA.

39.   Bowersox simply advised Plaintiff to follow all of Mohel's directives, and stated "We all have to do things that our bosses want us to do and that we may not necessarily agree with, even me," which intentionally evaded Plaintiff's complaints of a hostile work environment.

*Termination*

40.   On June 7, 2019, Mohel sent Plaintiff another email stating that his work performance was deficient.

41.   Plaintiff responded to Mohel's email and explained that her criticism was unjustified.

42.   On June 11, 2019, Plaintiff had another discussion with Bowers and reiterated that the work environment continued to be hostile.

43.   On June 21, 2019, Plaintiff was called into a meeting with Mohel and terminated.

44.   WMATA's stated reasons for terminating Plaintiff were related to his performance and his workplace conduct.

45.   WMATA's explanations for terminating Plaintiff from his position are a mask for its actual discriminatory and retaliatory motivations.

## COUNT I
### Sex Discrimination in Violation of Title VII – 42 §§  2000e *et seq*

46.   Plaintiff repeats and incorporates by reference all allegations set forth in the paragraphs above, as if each were fully set forth herein.

47.   Plaintiff is male.

48.   Defendant subjected Plaintiff to unlawful discrimination based on his gender by subjecting him to disparate treatment and terminating his employment.

49.   By and through its conduct, Defendant violated Title VII by subjecting Plaintiff to disparate treatment based on his gender.

50.   As a direct and proximate result of Defendant's violations of Title VII's prohibitions against discrimination by terminating Plaintiff because of his gender. Plaintiff has suffered significant damages, including, but not limited to, pain and suffering, emotional distress, humiliation and embarrassment, lost wages, and punitive damages.

**COUNT II**
**Retaliation in Violation of Title VII 42 §§ 2000e *et seq***

51.   Plaintiff repeats and incorporates by reference all allegations set forth in the paragraphs above, as if each were fully set forth herein.

52.   Defendant retaliated against Plaintiff for placing lawful complaints of gender discrimination in violation of Title VI, in that Defendant subjected Plaintiff to different terms and conditions of employment, disparate treatment, heightened scrutiny, and termination.

53.   As a direct and proximate result of Defendant's violations of Title VII's prohibitions against retaliation, Plaintiff has suffered significant damages, including, but not limited to, pain and suffering, emotional distress, humiliation and embarrassment, lost wages, and punitive damages.

**COUNT III**
**Hostile Work Environment in violation of Title VII**

54.   Plaintiff repeats and incorporates by reference all allegations set forth in the paragraphs above, as if each were fully set forth herein.

55.   Defendant harassed Plaintiff based on his sex as described in paragraphs 1-45 herein.

56.     Defendant violated Title VII by subjecting Plaintiff to a severe and pervasive hostile work environment on the basis of his sex.

57.     Defendant's actions were intentional, reckless, and malicious.

58.     As a result, Plaintiff incurred damages including lost wages, future lost wages, pain and suffering, emotional distress, mental anguish and/or punitive damages.


### COUNT IV
### Sex Discrimination in Violation of D.C. Human Rights Act D.C. Code § 2-1402.11(a)

59.     Plaintiff repeats and incorporates by reference all allegations set forth in the paragraphs above, as if each were fully set forth herein.

60.     Plaintiff is male.

61.     Defendant subjected Plaintiff to unlawful discrimination based on his gender by subjecting him to disparate treatment and terminating his employment.

62.     By and through its conduct, Defendant violated the DC Human Rights Act by subjecting Plaintiff to disparate treatment based on his gender.

63.     As a direct and proximate result of Defendant's violations of the D.C. Human Rights Act's prohibitions against discrimination by terminating Plaintiff because of his gender. Plaintiff has suffered significant damages, including, but not limited to, pain and suffering, emotional distress, humiliation and embarrassment, lost wages, and punitive damages.


### COUNT V
### Retaliation in Violation of D.C. Human Rights Act

64.     Plaintiff repeats and incorporates by reference all allegations set forth in the paragraphs above, as if each were fully set forth herein.

65. Defendant retaliated against Plaintiff for placing lawful complaints of gender discrimination in violation of the D.C. Human Rights Act, in that Defendant subjected Plaintiff to different terms and conditions of employment, disparate treatment, heightened scrutiny, and termination.

66. As a direct and proximate result of Defendant's violations of the D.C. Human Rights Act's prohibitions against retaliation, Plaintiff has suffered significant damages, including, but not limited to, pain and suffering, emotional distress, humiliation and embarrassment, lost wages, and punitive damages.

## COUNT VI
### Hostile Work Environment in Violation of D.C. Human Rights Act

67. Plaintiff repeats and incorporates by reference all allegations set forth in the paragraphs above, as if each were fully set forth herein.

68. Defendant harassed Plaintiff based on his sex as described in paragraphs 1-45 herein.

69. Defendant violated the D.C. Human Rights Act by subjecting Plaintiff to a severe and pervasive hostile work environment on the basis of his sex.

70. Defendant's actions were intentional, reckless, and malicious.

71. As a result, Plaintiff incurred damages including lost wages, future lost wages, pain and suffering, emotional distress, mental anguish and/or punitive damages.

**WHEREFORE**, Plaintiff requests that the Court enter judgment against Defendant on all Counts and award Plaintiff lost wages, front pay, and benefits; $300,000 in compensatory damages for pain and suffering, mental anguish, and emotional distress on each Count; punitive damages; interest; costs; the amount of tax on any award; reasonable attorneys' fees; and any such other relief as the Court deems fair and just.

Dated:  May 12, 2020

Respectfully submitted,

Alan Lescht and Associates, P.C.

/s/ Rani Rolston
Rani Rolston, Esq. (Bar No. 974052)
1825 K Street NW, Suite 750
Washington, D.C. 20006
Tel: (202) 463-6036
Fax: (202) 463-6067
Rani.rolston@leschtlaw.com
*Counsel for Plaintiff*